IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2020 JAN -8  PM 12: 12

DEPUTY CLERK_____

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. |
| v. | |
| KEVIN DOUGLAS KUYKENDALL (01)<br>SABRINA BURMESTER KUYKENDALL (02)<br>MARK DAVID SCHNEIDER (03)<br>MICHAEL RAY SCHNEIDER (04) | **3 - 2 0 CR 0 0 0 2 - X** |

## INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

### Introduction

1.      Over the course of approximately eight months, between in or about March 2015 and October 2015, defendants **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider, Michael Ray Schneider,** and others known to the Grand Jury engaged in an illegal effort to solicit and receive kickbacks from a pharmacy that were disguised as a "salary" paid to one of the defendants who then disbursed his so-called "salary" to shell entities controlled by the other defendants.

2.      Defendants **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider, Michael Ray Schneider,** and others known to the Grand Jury were affiliated with Medoc Health Services, LLC ("Medoc"), a business located in Dallas, Texas, within the Northern District of Texas, that acted as a clearinghouse for prescriptions for various medications, often compound pain creams,

Indictment—Page 1 of 12

that were filled at pharmacies, including Pharmacy A, an entity known to the Grand Jury.

3.   Pharmacy A was a pharmacy based in the Northern District of Texas that purportedly employed, and paid a "salary" to, **Michael Ray Schneider**.

4.   Defendant **Michael Ray Schneider** used Shemiyah Holdings Management, LLC, as a place to deposit some of the purported "salary" received from Pharmacy A.

5.   Defendants **Kevin Douglas Kuykendall** and **Sabrina Burmester Kuykendall**, a married couple, used K&S Biotherapeutics, LLC, to receive a portion of the "salary" paid by Pharmacy A to defendant **Michael Ray Schneider**.

6.   Defendant **Mark David Schneider** used MCS Interests Management, LLC, to receive a portion of the "salary" paid by Pharmacy A to defendant **Michael Ray Schneider**.

### Federal Health Care Programs

7.   TRICARE was a health care program of the United States Department of Defense Military Health System that provided coverage for DoD beneficiaries world-wide, including active duty service members, National Guard and Reserve members, retirees, their dependents, and survivors.  TRICARE was a "Federal health care program" as defined by 42 U.S.C. § 1320a-7b(f).

8.   The Medicare Program ("Medicare") was a federally funded health-care program providing benefits to persons who were over the age of 65 or disabled. Medicare was a "Federal health care program" as defined by 42 U.S.C. § 1320a-7b(f).

9.   The Federal Employee Compensation Act ("FECA") was a federally funded health care program as described in 20 C.F.R. § 10.0 that provided monetary

compensation, medical care, and vocational rehabilitation to civilian employees of the United States government, including Postal Service employees, for disability due to personal injury or disease sustained while in the performance of duty. FECA was a "Federal health care program" as defined by 42 U.S.C. § 1320a-7b(f).

Count One
Conspiracy to Solicit and Receive Illegal Kickbacks
(18 U.S.C. § 371 (42 U.S.C. § 1320a-7b(b)(1))

10.     The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 11 of this Indictment as if fully set forth herein.

11.     From in or about March 2015 through in or about October 2015, in the Northern District of Texas and elsewhere, defendants **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider, Michael Ray Schneider,** and others known to the Grand Jury knowingly and willfully conspired, confederated, and agreed with each other, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, violations of Title 42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving remuneration, including kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, for the furnishing of items and services for which payment may be made in whole or in part under a Federal health care program.

**OBJECTS OF THE CONSPIRACY**

12.     It was a purpose of the conspiracy for **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider, Michael Ray Schneider,** and others known to the Grand Jury to unlawfully enrich themselves through the

solicitation and receipt of kickbacks from Pharmacy A in exchange for referring

prescriptions for items and services for which payment was made in whole or in part

under a Federal health care program, including TRICARE, Medicare, and FECA.

13.    It was a purpose of the conspiracy for **Kevin Douglas Kuykendall,**

**Sabrina Burmester Kuykendall, Mark David Schneider, Michael Ray Schneider,**

and others known to the Grand Jury to disguise the payment of illegal kickbacks in the

form of a "salary" to **Michael Ray Schneider,** who then distributed portions of the

"salary" to other members of the conspiracy by transferring funds through shell entities.

### MANNER AND MEANS OF THE CONSPIRACY

14.    The manner and means by which **Kevin Douglas Kuykendall, Sabrina**

**Burmester Kuykendall, Mark David Schneider, Michael Ray Schneider,** and others

known to the Grand Jury sought to accomplish the objects and purposes of the conspiracy

included, among other things:

(a)    Encouraging and inducing the referral of prescriptions for various medications, including compound pain creams, in which payment was made in whole or in part by a Federal health care program;

(b)    Referring prescriptions to Pharmacy A with instructions to fill the prescriptions and calculate the net adjudications of the transaction (i.e., the gross proceeds from the federal payer minus the costs);

(c)    Entering into a sham employment agreement between Pharmacy A and **Michael Ray Schneider** to disguise the payment of kickbacks on the net adjudications of prescriptions in which payment was made in whole or in part by a Federal health care program;

(d)    Registering shell entities with the Texas Secretary of State;

(e)    Opening bank accounts in the names of the shell entities as a means

to disguise the payment of kickbacks; and

(f)   Distributing the proceeds of the kickback scheme, disguised in the form of a "salary" to **Michael Ray Schneider**, to one or more of the defendants, through shell entities.

### OVERT ACTS

15.   In furtherance of the conspiracy, and to accomplish its objects and purposes, **Kevin Douglas Kuykendall**, **Sabrina Burmester Kuykendall**, **Mark David Schneider**, **Michael Ray Schneider,** and others known to the Grand Jury committed and caused to be committed, in the Northern District of Texas and elsewhere, the following overt acts.

a.   In or about April 2015, **Michael Ray Schneider** entered into an Employment Agreement as a Sales Representative with Pharmacy A (hereinafter, "Pharmacy A Employment Agreement"). Under the terms of the Pharmacy A Employment Agreement, which was backdated to March 1, 2015, **Michael Ray Schneider** received a base salary of $30,000 per year and a monthly commission payment. The monthly commission payment was calculated as 45% of the net adjudications per month from all federal payors, including Medicare, Medicaid, and Tricare, for prescriptions referred to Pharmacy A by Medoc.

b.   On or about April 17, 2015, Pharmacy A paid **Michael Ray Schneider** $183,480.62, a kickback disguised as a commission payment under the terms of the Pharmacy A Employment Agreement, which **Michael Ray Schneider** deposited into Account No. x7575 at J.P. Morgan Chase Bank.

c.      On or about April 25, 2015, **Kevin Douglas Kuykendall, Mark David Schneider**, and others known to the Grand Jury entered into an Operating Agreement for Barolo Partners, LLC.

d.      On or about April 27, 2015, **Kevin Douglas Kuykendall** caused the registration of an entity called Barolo Partners, LLC with the Texas Secretary of State.

e.      On or about April 29, 2015, **Mark David Schneider** opened Account No. x6927 at J.P. Morgan Chase in the name of Barolo Partners, LLC.

f.      On or about April 29, 2015, **Michael Ray Schneider** transferred $175,000 from Account No. x7575 to Barolo Partners' Account No. x6927, which was later distributed to accounts controlled by **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider**, and others known to the Grand Jury.

g.      On or about May 15, 2015, **Mark David Schneider** registered an entity called MCS Interests Management, LLC with the Texas Secretary of State.

h.      On or about May 15, 2015, **Michael Ray Schneider** registered an entity called Shemiyah Holdings Management, LLC with the Texas Secretary of State.

i.      On or about May 19, 2015, Pharmacy A paid **Michael Ray Schneider** $229,507.57, a kickback disguised as a commission payment under the terms of the Pharmacy A Employment Agreement, which **Michael Ray Schneider** deposited into Account No. x7575.

j.      On or about May 22, 2015, **Michael Ray Schneider** opened Account No. x0236 in the name of Shemiyah Holdings Management, LLC at J.P. Morgan Chase Bank.

k.     On or about May 26, 2015, **Michael Ray Schneider** withdrew $175,000 from Account No. x7575, deposited the same amount into Shemiyah Holdings' Account No. x0236, then withdrew the same amount from Shemiyah Holdings' Account No. x0236, which was then deposited into Barolo Partners' Account No. x6297 and later distributed to accounts controlled by **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider**, and others known to the Grand Jury.

l.     On or about June 2, 2015, **Kevin Douglas Kuykendall** and **Sabrina Burmester Kuykendall** were added as authorized signers on Barolo Partners' Account No. x6927.

m.     On or about June 15, 2015, Pharmacy A paid **Michael Ray Schneider** $177,214.01, a kickback disguised as a commission payment under the terms of the Pharmacy A Employment Agreement, which **Michael Ray Schneider** deposited into Account No. x7575.

n.     On or about June 23, 2015, **Sabrina Burmester Kuykendall** opened Account No. x5776 in the name of K&S Biotherapeutics, LLC at J.P. Morgan Chase Bank and included **Kevin Douglas Kuykendall** as a signer on the account.

o.     On or about June 23, 2015, **Michael Ray Schneider** transferred $175,000 from Account No. x7575 to Shemiyah Holdings' Account No. x0236 and then transferred $149,629.94 from Shemiyah Holdings' Account No. x0236 into Barolo Partners' Account No. x6927, which was later distributed to accounts controlled by **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider**, and others known to the Grand Jury.

p.      On or about July 28, 2015, Pharmacy A paid **Michael Ray Schneider** $206,732.82, a kickback disguised as a commission payment under the terms of the Pharmacy A Employment Agreement, which **Michael Ray Schneider** deposited into Account No. x7575 at J.P. Morgan Chase Bank.

q.      On or about July 28, 2015, **Michael Ray Schneider** transferred $175,000.00 from Shemiyah Holdings' Account No. x0236 to Barolo Partners' Account No. x6927, which was later distributed to accounts controlled by **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider**, and others known to the Grand Jury.

r.      On or about August 31, 2015, Pharmacy A paid **Michael Ray Schneider** $203,479.91, a kickback disguised as a commission payment under the terms of the Pharmacy A Employment Agreement, which **Michael Ray Schneider** deposited into Account No. x7575.

s.      On or about September 1, 2015, **Michael Ray Schneider** transferred $171,090.35 to Barolo Partners' Account No. x6927, which was later distributed to accounts controlled by **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall, Mark David Schneider**, and others known to the Grand Jury.

t.      On or about October 6, 2015, Pharmacy A paid **Michael Ray Schneider** $16,731.04, a kickback disguised as a commission payment under the terms of the Pharmacy A Employment Agreement, which **Michael Ray Schneider** deposited into Account No. x7575.

u.      **Kevin Douglas Kuykendall, Sabrina Burmester Kuykendall,**

**Mark David Schneider**, **Michael Ray Schneider**, and others known to the Grand Jury also committed the overt acts set forth in Counts Two through Seven of this Indictment, which paragraphs are incorporated by reference as if set forth fully in this Count.

All in violation of 18 U.S.C. § 371 (42 U.S.C. § 1320a-7b(b)(1)).

Counts Two through Seven
### Soliciting and Receiving Illegal Kickbacks and Aiding and Abetting
(Violations of 42 U.S.C. § 1320a-7b(b)(1) and 18 U.S.C. § 2)

16.     The grand jury realleges and incorporates by reference the allegations

contained in paragraphs 1 through 17 of this Indictment as if fully set forth herein.

17.     On or about the dates set forth below, in the Dallas Division of the

Northern District of Texas and elsewhere, defendants **Kevin Douglas Kuykendall**,

**Sabrina Burmester Kuykendall**, **Mark David Schneider**, **Michael Ray Schneider**,

and others known to the Grand Jury, aided and abetted by each other and others known to

the Grand Jury, did knowingly and willfully solicit and receive remuneration, as

described below, directly and indirectly, overtly and covertly, in cash and in kind from

Pharmacy A in return for referring prescriptions to Pharmacy A for the furnishing and

arranging for the furnishing of prescription compounded drugs, for which payment was

made in whole and in part under a Federal health care program, each payment forming a

separate count of this Indictment:

|   |   |   |
|---|---|---|
| 2 | April 17, 2015 | $183,480.62 |
| 3 | May 19, 2015 | $229,507.47 |
| 4 | June 15, 2015 | $177,214.01 |
| 5 | July 28, 2015 | $206,732.82 |
| 6 | August 31, 2015 | $203,479.91 |
| 7 | October 6, 2015 | $16,731.04 |

Each in violation of 42 U.S.C. § 1320a-7b(b)(1) and 18 U.S.C. § 2.

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7))

Upon conviction of any of the offenses alleged in Counts One through Seven of this Indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) [as to Count One] and 18 U.S.C. § 981(a)(7) [as to Counts Two through Seven] in conjunction with 28 U.S.C. § 2461(c), defendants **Kevin Douglas Kuykendall**, **Sabrina Burmester Kuykendall**, **Mark David Schneider**, **Michael Ray Schneider**, and others known to the Grand Jury shall forfeit to the United States of America all property constituting or derived from proceeds traceable to the respective offense, including a "money judgment" in the amount of U.S. currency constituting the proceeds traceable to the scheme alleged in the offense.

**----- NOTHING FURTHER ON THIS PAGE -----**

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

A TRUE BILL

FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
DONNA STRITTMATTER MAX
Assistant United States Attorney
Texas Bar No. 24041984
MATTHEW J. SMID
Special Assistant United States Attorney
Texas Bar No. 24063541
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.4100
Email: nick.bunch@usdoj.gov
Email: donna.max@usdoj.gov
Email: matthew.smid@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

KEVIN DOUGLAS KUYKENDALL (01)
SABRINA BURMESTER KUYKENDALL (02)
MARK DAVID SCHNEIDER (03)
MICHAEL RAY SCHNEIDER (04)

INDICTMENT

18 U.S.C. § 371 (42 U.S.C. § 1320a-7b(b)(1)
Conspiracy to Solicit and Receive Illegal Kickbacks
(Count 1)

42 U.S.C. § 1320a-7b(b)(1) and 18 U.S.C. § 2
Soliciting and Receiving Illegal Kickbacks and Aiding and Abetting
(Counts 2 through 7)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7)
Forfeiture Notice

7 Counts

---

A true bill rendered

--------------------------------------------------------------------------------

DALLAS                                                          FOREPERSON

Filed in open court this 6TH day of January, 2020.

--------------------------------------------------------------------------------

**Warrant to be Issued**

--------------------------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending