IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:20-CR-0002-X |
| KEVIN KUYKENDALL (01)<br>SABRINA KUYKENDALL (02) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO TRAVEL ON VACATION ON PRETRIAL RELEASE**

The government asks this Court to deny defendants Kevin and Sabrina Kuykendall's motion to leave the United States and go to Cabo San Lucas, Mexico, for Kevin Kuykendall's 57th birthday. In support thereof, the government shows the Court as follows:

1. Kevin and Sabrina Kuykendall are charged in a seven-count indictment with serious felony offenses: conspiracy to pay and receive kickbacks [Count 1] and the payment and receipt of kickbacks [Counts 2-7]. The indictment describes a long-running scheme in which the Kuykendalls and others funneled illegal kickbacks to themselves through a sham employment agreement for one of the other partners in Medoc Health Services, LLC (codefendant Michael Schneider). (*See generally* Dkt. 1.)

2. Kevin and Sabrina Kuykendall surrendered on January 9, 2020, and appeared before this Court, who entered an order setting conditions of release. (*See* Dkts. 7 [Kevin] and 12 [Sabrina].) This Court set conditions that were the least restrictive means to ensure the Kuykendalls' appearances at trial, and those conditions were not

objected-to at that time by either Kevin or Sabrina Kuykendall. *See* 18 U.S.C. § 3142(c)(1)(B). Among other things, both defendants are subject to an extremely lenient travel restriction that allows them to travel to within the continental United States without prior court approval. (Dkt. 7, ¶ 7(f); 12, ¶ 7(f).)

3.  If convicted in this case, the Kuykendalls face significant criminal penalties. The statutory maximum punishment is 35 years' imprisonment. Moreover, the kickback-scheme described in the indictment resulted in millions of dollars of losses to the government, which the Kuykendalls would be ordered to pay as restitution.

4.  The Kuykendalls' desire to take a purely personal trip is not a sufficient reason to modify their conditions of release. They offer no reason why they are unable to enjoy Mr. Kuykendall's 57th birthday at one of the many places within the continental United States where they can travel without a United States passport. That they apparently have regularly traveled to Cabo, prior to being charged criminally, is of no moment. Never before have they had the same incentive to place themselves outside the jurisdictional, or extradition, authority of the United States. Once in Mexico, the Kuykendalls, armed with United States passports, would have easy access to any number of countries that would make extradition to the United States difficult, if not impossible.

5.  The two cases identified by the Kuykendalls are easily distinguished and do not support international travel for purely personal reasons. The *Cudd* case involves a defendant charged with two misdemeanor offenses, with significantly less exposure than the serious felony charges included in this case. (Dkt. 71, Exh. 1.) In addition, the travel

in *Cudd* was for business purposes, not a purely personal vacation, and was paid for prior to the conduct giving rise to the misdemeanor charges and the order restricting her travel. The Kuykendalls do not indicate whether the proposed trip to Cabo San Lucas for Mr. Kuykendall's 57th birthday has been paid for or not. Likewise, the order in *Abdelaziz* allows "[o]ccasional international travel" for "business purposes only." (Dkt. 71, Exh. 2.) It does not support an international trip for a birthday party.

6. The government respectfully asks this Court to deny the motion and order that the Kuykendalls' conditions remain in place as ordered.

Respectfully submitted,

Dated: March 9, 2021

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
DONNA STRITTMATTER MAX
Assistant United States Attorney
Texas Bar No. 24041984
MATTHEW J. SMID
Special Assistant United States Attorney
Texas Bar No. 24063541
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov
donna.max@usdoj.gov
matthew.smid@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on March 9, 2021, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court. The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

                                                    */s/ J. Nicholas Bunch*
                                                    J. NICHOLAS BUNCH
                                                    Assistant United States Attorney