UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § |
| | § |
| KEVIN KUYKENDALL (01) | § Case No. 3:20-CR-0002-X |
| SABRINA KUYKENDALL (02) | § |
| MARK SCHNEIDER (03) | § |
| MICHAEL SCHNEIDER (04), | § |

# ORDER

Before the Court is the defendants' joint motion to get a whole lotta more peremptory challenges. [Doc. No. 38]. The motion is fully briefed. The Court **GRANTS IN PART** the motion and allows 12 total strikes to the defense to be exercised separately.

As background, Federal Rule of Criminal Procedure 24(b)(2) allows 6 peremptory challenges to the government and 10 to the defense "side." But the Rule says the Court "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."[1]

Here, there are 4 defendants. In the motion, they ask for "three peremptory challenges [for] each Defendant, to be exercised jointly or severally"[2] in the intro and "three additional peremptory challenges, to be exercised jointly or severally" in the

---

[1] FED. R. CRIM. P. 24(b).

[2] Doc. No. 96 at 1.

1

conclusion.[3]  The intro request seems like they want 12 total (3 each) and the conclusion request makes it sound like they want 22 total (10+(3*4)).

Either way, they want more than 10.  Their rationale is two-fold: math and roles.  On math, they point out that having only 10 total would give the government over 2 strikes to each defendant's 1.  The Court agrees with this point to a degree.  Rule 24's one-size-fits-all approach certainly favors the lone defendant over a cohort.  But perhaps the standard formula accounts for the fact that criminal cases can have numerous defendants, and we pick juries in courthouses and not football stadiums.[4]  Ten strikes per defendant in a 16-defendant case just wouldn't work.  Because math concerns impose practical constraints, the Court thinks it appropriate to allow 12 total strikes to the defendants.

The second argument the defendants make concerns roles.  They argue that the case is complex, each defendant had a distinct role, and these differences will manifest during jury selection.  That's very true.  But the defendants then mitigate against that argument by saying the extra strikes could be exercised "jointly or severally."[5]  If the defendants foresee a lack of unanimity, why would they be okay with more strikes to be used jointly? That seems like an admission that the perceived lack of unanimity won't be a big deal because the defendants are effective at working together.  In any event, the Court **ORDERS** that the 12 total strikes for the defense be exercised severally (3 per defendant).  That should resolve any issue on role

---

[3] Doc. No. 96 at 4.

[4] The largest room in the courthouse for selecting juries holds about 50 jurors.

[5] Doc. No. 96 at 1, 4.

differences driving a lack of unanimity. Of course, nothing prevents the defendants from coordinating their strikes, given that they do seem effective at working together.

The government, in its response, agrees to 12 total defense strikes if it gets 8. If the Court went to 22 total defense strikes, the ratios would be way out of line and warrant more government strikes. But the 6:12 ratio is sufficiently similar to 6:10 as to not skew justice.

In sum, the Court **GRANTS IN PART** the motion and allows 12 total strikes to the defense to be exercised separately.

**IT IS SO ORDERED** this 17th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE